UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW ECONOMAKIS, on behalf of
himself and all others similarly situated

       Plaintiff,

v.                                      Case No:   2:13-cv-832-FtM-38DNF

BUTLER & HOSCH, P.A.,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss Count II and Class Action Claims with Incorporated Memorandum of Law (Doc. #17) filed on January 24, 2014. Plaintiff has filed a response in opposition (Doc. #22) on February 14, 2014. This motion is now ripe for review.

**Background**

According to the Complaint, Butler & Hosch, P.A. is a "debt collector" pursuant to 15 U.S.C. § 1692a(6) and describes itself as such within the form debt collection letter sent to Economakis and Class Members under the guise of affording them the opportunity to reinstate their mortgages. (Doc. #1, ¶9). Butler & Hosch has sent "Reinstatement Letters" offering consumers, such as Economakis and Class Members, opportunities to

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

reinstate mortgages. (Doc. #1, ¶¶9-10). These Reinstatement Letters include the following language: "PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE ADVISED THAT THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE." (Doc. #1, ¶12). Although these Reinstatement Letters are sent prior to the filing of a foreclosure action in court, these letters indicate that the alleged debt includes certain court costs that are not actually due and owing at the time the Reinstatement Letters are sent. (Doc. #1, ¶¶14-15). Butler & Hosch has demanded from customers, such as Economakis and Class Members, payments in full by stating, "No partial payments … will be accepted." (Doc. #1, ¶16; Doc. #1, at ¶¶17-21). These debt demands misrepresent what is due and owed by customers, such as Economakis and Class Members, because the demands include court costs that are not due and owing at the time the Reinstatement Letters are sent. (Doc. #1, ¶¶17-20).

The Complaint further alleges the Class Members, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, are defined as:

> All owners of Florida real property to whom Butler & Hosch sent a Reinstatement Letter prior to the filing of a mortgage foreclosure complaint in connection with their Florida real property between November 30, 2010 and the present, wherein Butler & Hosch demanded payment of Court Costs.
>
> Excluded from the Class are Butler & Hosch, its employees, agents and assigns. Also excluded are any members of the judiciary to whom this case is assigned, their Court staff and Plaintiff's counsel.

(Doc. #1, ¶21).

Economakis initiated this lawsuit on November 26, 2013, by filing a Complaint against Butler & Hosch, P.A. (Doc. #1). The Complaint contains two counts. Count I is a

claim brought pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Doc. #1, at 12). Count II is a claim brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201, et seq., Florida Statutes. (Doc. #1, at 13). The Complaint seeks class certification on both counts. Butler & Hosch moves to dismiss Count II for failure to state a cause of action and to dismiss the request for class certification with regard to both counts in the Complaint.

## Standard

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). Under Rule 8 of the Federal Rules of Civil Procedure, stating a claim upon which relief may be granted requires that enough factual matter is pled to make relief plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 561–63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although detailed factual allegations are not required, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. Id. at 561–63. Thus, a complaint must state more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Additionally, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Id. (citing Aldana v. Del Monte

Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). Accordingly, the facts as pled must state a claim for relief that is plausible on the face of the pleading. Id. (citing Iqbal, 129 S. Ct. at 1950).

### Discussion

*i.    Count II – FDUTPA*

Butler & Hosch asserts that the conduct asserted by Economakis in the Complaint does not rise to the level of a FDUTPA claim. Butler & Hosch specifically asserts the conduct described in the Complaint fails to include any conduct associated with "trade or commerce" which is an essential element of any FDUPTA claim.

In response, Economakis contends it has alleged a proper claim pursuant to FDUPTA. Economakis states the Complaint alleges Butler & Hosch engaged in deceptive act or unfair practice by sending letters to customers, such as Economakis and class members, wherein Butler & Hosch fraudulently misrepresented that certain attorney's fees and court costs had been incurred and were due. The Complaint also alleges the customers were damaged. Moreover, Economakis contends Butler & Hosch engaged in "trade or commerce" when it offered and provided its legal services to Economakis' mortgage lender, New York Community Bank.

FDUPTA is a Florida statute that protects consumers "from the illegal and/or unscrupulous practices of debt collectors and other person." Schauer v. General Motors Acceptance Corp., 819 So.2d 809, 811-12 (Fla. 4th DCA 2002) (citation omitted); Fla. Stat. § 501.202. In order to properly state a claim pursuant to FDUPTA, a plaintiff must allege a deceptive act or unfair practice, causation, and actual damages. Scantland v. Jeffry Knight, Inc., No. 8:09-CV-1985-T-17TBM, 2010 WL 4117683, at *7 (M.D. Fla. Sept.

29, 2010). A deceptive act or unfair practice may be found when "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." Blair v. Wachovia Mortg. Corp., No. 5:11-cv-566-Oc-37TBS, 2012 WL 868878 (M.D. Fla. Mar. 14, 2012) (quoting Sundance Apartments I, Inc. v. General Elec. Capital Corp., 581 F.Supp.2d 1215, 1220 (S.D. Fla. 2008) (quoting PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So.2d 773, 777 (Fla. 2003))); see also Scantland, 2010 WL 4117683 at *8 ("A deceptive practice is one that is likely to mislead consumers, and an unfair practice is one [that] offends established published policy, 'or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'") (quoting Rollins, Inc. v. Butland, 950 So.2d 850, 869 (Fla. 2d DCA 2006)).

There is a "trade or commerce" component in FDUPTA claims that must also be satisfied. Kelly v. Palmer, Reifler, & Associates, P.A., 681 F.Supp.2d 1356, 1374 (S.D. Fla. 2010) ("FDUPTA prohibits unfair or deceptive acts or practices 'in the conduct of any trade or commerce.'") (citing Fla. Stat. § 501.204(1)). This "trade or commerce" component is defined as "the advertising, soliciting, providing, offering, or disturbing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Kelly, 681 F.Supp.2d at 1374 (quoting Fla. Stat. § 501.203(8)). Courts have found that a plaintiff's "attempt to include pre-suit demand letters within the scope of the term 'trade or commerce' simply misses the mark." Kelly, 681 F.Supp.2d at 1376; see also Trent v. Mortgage Electronic Registration Systems, Inc., 618 F.Supp.2d 1356, 1365 n.12 (M.D. Fla. 2007) ("The MERS communicated pre-suit with plaintiffs that it was a 'creditor' or 'owned' the debt does not fall within the purview of 'trade or commerce.'");

5

see also Acosta v. James A. Gustino, P.A., No. 6:11-cv-1266-Orl-31GHK, 2012 WL 4052245, at *1 (M.D. Fla. Sept. 13, 2012) (finding that the defendants were not engaged in "trade or commerce" because "attempt[ing] to collect a debt by exercising one's legal remedies does not constitute 'advertising, soliciting, providing, offering, or distributing' as those terms are used in Fla. Stat. § 501.203(8)"). Courts have also held that "[a] person is not engaged in trade or commerce merely by the exercise of contractual or legal remedies." Begelfer v. Najarian, 381 Mass 177, 191 (1980); Acosta, 2012 WL 4052245, at *1. Courts have even found that allegations of fabricating false documents or presenting false or misleading documents for use in foreclosures cases have been deemed not to be "trade or commerce" in the context of FDUPTA. State, Office of Att'y Gen. v. Shapiro & Fishman, LLP, 59 So. 3d 353 (Fla. 4th DCA 2011).

Here, the Court does not find Economakis allegations rise to the level of a proper FDUPTA claim despite viewing the allegations in the light most favorable to Economakis. It appears from the Complaint and Exhibit A that Butler & Hosch was in the process of seeking a settlement prior to initiating an official lawsuit in light of Economakis default on a mortgage debt. (See Doc. #1, at 18-21). Accordingly, Butler & Hosch sent a Reinstatement Letter to enforce its legal rights. Butler & Hosch was not engaged in giving legal advice and in fact clarified this fact to Economakis within the Reinstatement Letter. (See Doc. #1, at 19). The alleged conduct of misstating attorney's fees and court costs, even if true, also does not arise to the "advertising, soliciting, providing, offering, or

distributing" definition. Fla. Stat. § 501.203(8).[2] [3] Therefore, no "trade or commerce" has been alleged in the Complaint, and accordingly, this claim is due to be dismissed.

> ii.  Count I – FDCPA - Class Certification

Butler & Hosch also asserts that the proposed FDCPA class would be overly broad and include individuals whose claims would have expired due to the statute of limitations. Therefore, Bulter & Hosch asserts that the class claim should be dismissed with leave to amend since it was driven by the inclusion of the FDUPTA claim which carries a four year statute of limitations rather than the FDCPA claim which carries a one year statute of limitations.

In response, Economakis asserts that the motion is premature because class certification is typically not addressed at the motion to dismiss stage. Economakis further asserts a dismissal of the FDUPTA claim should not have an impact on his FDCPA claim. Economakis recognizes, however, that often plaintiffs amend the proposed class definitions as needed.

The Court finds Butler & Hosch's argument to be availing. Here, the class definition as it stands is too broad. As Butler & Hosch asserts a FDCPA claim must be brought "within one year from the date on which the violation occurs." McCoriston v. L.W.T., Inc.,

---

[2] Even if Butler & Hosch's alleged conduct is "trade or commerce," the Economakis contradicts itself by stating it was actually damaged or aggrieved and also indicating it did not rely on the Restatement Letter. Importantly, the Complaint states, "[h]ad Economakis paid the amount initially demanded for Filing Fees in the Reinstatement Letter, Butler & Hosch would have been unjustly enriched," (Doc. #1, ¶40). This sentence supports an understanding that Economakis did not detrimentally rely on the Reinstatement Letter and was not harmed by the alleged deceptive act or unfair practice conduct. Therefore, it appears that an essential element of any proper FDUPTA claim is missing from this case. Trent, 618 F.Supp.2d at 1365. ("[T]he Court finds that MERS' pre-suit representations are not "unfair" or "deceptive" as those terms are defined in FDUPTA and that there are no allegations that plaintiffs, as reasonable consumers, relied on MERS' pre-suit communications to their detriment."). Nonetheless, this is not the reason why the Court will dismiss the FDUPTA count in this matter.

[3] The Reinstatement Letter notably stated, "If you have any questions regarding these charges or any of the charges in the letter, please feel free to call Butler & Hosch at the number provided above." (Doc. #1, at 19).

536 F.Supp. 2d 1268, 1272 (M.D. Fla. 2008) (quoting 15 U.S.C. § 1692k(d)). The overall FDCPA claim and the overall class certification allegations are not dismissed. Nonetheless, the Court will allow Economakis a period of time to alter his Complaint for the limited purposes of removing Count II and changing the time frame within the definition of the "Class" or "Class Members." (See Doc. #1, ¶21).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Count II and Class Action Claims with Incorporated Memorandum of Law (Doc. #17) is **GRANTED**.

    a. Count II is **DISMISSED**.

    b. Since the definition of the class is now overbroad pursuant to the dismissal of Count II, Economakis is given limited leave to remove Count II and to correct the definition of the "Class" or "Class Members" by filing an Amended Complaint no later than **March 14, 2014**.

2. The Parties are directed to file exhibits as separate attachments to any and all motions going forward.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of March, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record